STATE OF NEBRASKA, APPELLEE, v. JOE R. MAESTAS,
APPELLANT.

207 N. W. 2d 699

Filed June 1, 1973. No. 38853.

Appeal from the District Court for Scotts Bluff County:
TED R. FEIDLER, Judge.

C. F. Fitzke and James T. Hansen, for appellant.

Clarence A. H. Meyer, Attorney General, and Chauncey C. Sheldon, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

CLINTON, J.

Defendant was found guilty by a jury of statutory rape and was sentenced to a term of 3 to 5 years in the Nebraska Penal and Correctional Complex. At the time of the offense the prosecutrix was 14 years old, the defendant 24. The evidence indicates the act was accomplished by force. He appeals. We affirm.

The sole assignment of error is that the trial court erred in denying the motion of the defendant to have the court "appoint a qualified psychiatrist to examine * * * the prosecuting witness at the expense of the State of Nebraska in order to determine her mental competency. Defendant submits that conviction by a mentally unbalanced witness would violate his right to due process of law under the state and federal constitution." No factual support in affidavit form or otherwise was submitted in support of the motion. The motion was overruled on July 28, 1972, and trial began on August 8, 1972.

We are asked in this case to adopt a rule advocated by Wigmore to the effect that in every case charging a sexual offense the complaining witness should be examined before trial as to the witness' probable credibility. Such a rule is said to be advocated by psychiatrists generally and certain eminent ones in particular. See, Overholser, The Psychiatrist and the Law, p. 54; 3A Wigmore on Evidence (Chadburn Rev. Ed., 1970), § 924, p. 734. The suggested rule is claimed to be advisable because false accusations of such offenses are made not only because of mistake in identification, but also for purposes of blackmail and revenge, or as a result of fantasy, or as symptoms of psychosis. *Op. cit.,* Overholser, p. 53. The importance of the issue of the

complaining witness' credibility increases in proportion as independent corroboration of the charge decreases.

Only a few jurisdictions have considered the question of requiring the complaining witness in a prosecution for a sex crime to submit to a psychiatric examination. 18 A. L. R. 3d, Sex Crime—Psychiatric Examination, § 4, p. 1439. Some have taken the view that the court has no power to compel such an examination. Others that the court has discretionary power to compel the examination. None has adopted the rule of the scope here advocated as urged by Wigmore.

It seems clear that such a rule would be a form of discovery, but it does not come within the statutory rules pertaining to the physical and mental examination of persons because the witness is not a party to the proceedings. § 25-1267.40, R. R. S. 1943. Even under the statute a showing of good cause must be made. No good cause is shown here.

That sexual intercourse did occur is verified by medical tests made immediately after the event which showed human male sperm in a sample of vaginal fluid taken from the prosecutrix. Consent or nonconsent were immaterial. There was immediate complaint by the prosecutrix. There was strong circumstantial evidence corroborating the identification of the defendant. The testimony of the prosecutrix does not bear any obvious indications of unreliability or mental aberration. We hold that if the court has inherent power to require the complaining witness in a prosecution for a sex crime to submit to psychiatric examination, nonetheless it did not under the showing here abuse its discretion in denying the examination.

AFFIRMED.